## NEWTON *v*. STATE.

### Opinion delivered September 28, 1925.

1. LARCENY—SUFFICIENCY OF EVIDENCE.—In a prosecution for theft of an automobile, evidence *held* to sustain a conviction.
2. CRIMINAL LAW—INSTRUCTION—ASSUMPTION OF FACT.—In a prosecution for larceny, an instruction which, after distinguishing direct and circumstantial evidence, told the jury that they might consider both the direct testimony of the witnesses and the circumstances that has been proved, and that, if they believed, either from the direct testimony or from circumstantial evidence or from both and beyond a reasonable doubt, that the defendant is guilty, they should find him so—*held* not objectionable as assuming that certain circumstances had been proved.

Appeal from Dallas Circuit Court; *Turner Butler,* Judge; affirmed.

*D. E. Waddell* and *J. S. McKnight,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

SMITH, J. Appellant was indicted for the larceny of a Ford automobile, the property of J. R. Wylie, and upon his trial was convicted, and he has appealed. For the reversal of the judgment he insists that the testimony is not legally sufficient to sustain the judgment, and that error was committed in giving and in refusing to give instructions.

Wylie testified that about twelve o'clock on the night his car was stolen he heard a noise which attracted his attention, and he got up and went out on his porch, and he there heard some one cranking a car about a hundred yards from his house. He went to his garage and discovered that his car was gone, but the car he had heard cranked was not out of hearing. He immediately notified the sheriff and his neighbors, who started in pursuit of the thief. They stopped at a house, and in a short time heard a car approaching, which they attempted to stop, but the driver drove on without heeding the command to halt. Wylie recognized this car as being the one stolen from his garage, and testified that the next morning he discovered the place where the car had been turned around in the road. Appellant was apprehended, and he gave a fictitious name and told conflicting stories about where he had come from and his destination. His explanation of his possession of the car was that a man named Blackie, whom he had never seen before, had employed him to drive the car to Sheridan, and had promised him twenty dollars to do so. Blackie and a companion, who was with him in another car which they deserted that night, were not arrested. The car in which Blackie and his companion were riding had been stolen in Malvern a night or two before. The theory of the defense was that appellant was the innocent dupe of Blackie, and that while he was waiting by the roadside Blackie and his other companion stole Wylie's car.

Under the circumstances of the case we think the jury was warranted in discrediting appellant's story, that he was a mere employee of Blackie, and in finding that he was in fact a party to the larceny of Wylie's car.

Among other instructions given was one numbered 6, reading as follows:

"Gentlemen of the jury: The court tells you that there are two kinds of testimony, namely: direct and circumstantial. Direct evidence is the relation of facts that he knows of his own knowledge through some one of his five senses, either seeing, hearing, smelling, tasting or feeling. Circumstantial evidence is the proof of one or more facts from which a separate or another independent fact may be drawn. So in this case, gentlemen, you may take into consideration both the direct testimony of the witnesses and the circumstances that have been proved, and if you believe, either from the direct testimony or from circumstantial evidence or from both and beyond a reasonable doubt, that the defendant is guilty, you should find him so."

It is insisted that the instruction is a charge upon the facts, in that it assumes that certain circumstances had been proved. We do not think the instruction is fairly open to this objection. It does not recite what circumstances were proved, but merely tells the jury to take into account circumstances "that have been proved." There were certain circumstances which were undisputed, and, if appellant conceived that the instruction assumed that all the circumstances testified to had been proved, a specific objection to that effect should have been made.

Appellant asked an instruction on the subject of circumstantial evidence, which the court properly refused to give, because all the evidence was not circumstantial. Some of it was as direct as evidence could be, and the instructions, as a whole, fairly submitted the case.

We find no error, so the judgment is affirmed.